### In re HIGH SULFUR CONTENT GASOLINE PRODUCTS LIABILITY LITIGATION

### No. MDL 1632.

Judicial Panel on Multidistrict Litigation.

Nov. 5, 2004.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the four actions in the Eastern District of Louisiana and one action in the Southern District of Florida as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one Eastern District of Louisiana action for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of Louisiana. Defendants in all actions support the motion for transfer to the Eastern District of Louisiana. Plaintiffs in the Southern District of Florida action initially opposed transfer. Subsequently, however, these plaintiffs withdrew their opposition and now agree that transfer of the Southern District of Florida action to the Eastern District of Louisiana is appropriate.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The MDL–1632 actions are overlapping putative class actions brought on behalf of purchasers of gasoline that contained high levels of sulfur in May 2004. The actions

[1]. The parties have notified the Panel of thirteen related actions pending as follows: eleven actions in the Eastern District of Louisiana, and one action each in the Middle District of Alabama and the Southern District of Mississippi. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

share claims of negligence and products liability arising from the affected fuel, which led to the suspension of gas sales at certain service stations and allegedly caused damage to the fuel gauges of purchasers' vehicles. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ Of the two districts in which constituent actions are pending, we are persuaded that the Eastern District of Louisiana is an appropriate transferee forum for this docket. In particular, we note that all parties are in agreement upon selection of that district. We also observe that i) this district encompasses the location of the refinery that produced the gasoline at issue; and ii) four of the five actions before the Panel are pending in this district before one judge.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Eastern District of Louisiana is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Ivan L.R. Lemelle for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1632—In re High Sulfur Content Gasoline Products Liability Litigation*

*Southern District of Florida*

Cynthia Chowdhury, et al. v. Shell Oil Co., et al., C.A. No. 0:04–60717

*Eastern District of Louisiana*

Joel Lewis, et al. v. Shell Oil Products Co., LLC, et al., C.A. No. 2:04–1595

Oliver W. Gautreaux, et al. v. Shell Oil Co., et al., C.A. No. 2:04–1628

Barbara Bourgeois, et al. v. Shell Oil Co., et al., C.A. No. 2:04–1688

Barbara Dorsey v. Shell Oil Co., et al., C.A. No. 2:04–1914